NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-201-GFVT

EDDIE MILTON GAREY, JR.                                                                    PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS, ET AL.                                                          RESPONDENTS

Eddie Milton Garey, Jr., a/k/a Eddie Garey and Milton Garey ("Garey"), is a prisoner incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and this Court has granted his application to proceed *in forma pauperis*. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Garey was arrested by federal officers on September 12, 2003, for phoning in multiple bomb threats, counterfeiting, and extortion. Garey was charged with obstruction of justice under 18 U.S.C.

§1951, threatening to use a weapon of mass destruction under 18 U.S.C. §2332a(2), making a threat affecting interstate commerce under 18 U.S.C. §844(e), making counterfeit securities under 18 U.S.C. §513, and possession of ammunition by a convicted felon under 18 U.S.C. §922(g)(1). After substantial pretrial proceedings, including an assessment of Garey's competence to stand trial, Garey was convicted by a jury on all counts on December 17, 2004. On August 10, 2005, Garey was sentenced to a total term of 360 months' incarceration to be followed by a five-year term of supervised release. Garey's appeal of his conviction to the Eleventh Circuit is currently pending. *United States v. Garey*, 03-CR-83, Middle District of Georgia [Record Nos. 1, 180, 214, 215 therein]; *see also United States v. Garey*, 383 F.Supp.2d 137 (M.D. Ga. 2005) (sentencing order); *Garey v. Federal Detention Center*, *Miami*, 2006 WL 1379555 (11th Cir. 2006) (prior habeas petition).

In his present petition, Garey asserts that his convictions are void because the criminal statutes under which he was convicted were not passed by both houses of Congress in a single session of the Eightieth Congress as assertedly required by the Presentment Clause, Article I, Section 7, Clause 2 of the Constitution of the United States.

**DISCUSSION**

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Long challenges the legality of his conviction, he ordinarily would raise this claim through a post-conviction motion under 28 U.S.C. §2255. However, Garey has invoked the "savings clause" of Section 2255, 28 U.S.C. §2255, ¶5, by asserting that his remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention" in order to

2

invoke this Court's jurisdiction under Section 2241. It does not appear, from the Court's review of the record in Garey's prior legal proceedings, that Garey has presented these claims in prior post-conviction motions under Section 2255 and been denied relief by the trial court in Georgia; the Court must therefore determine whether his remedy under Section 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In the instant case, Garey attacks his conviction based upon the validity of the statutes under which he was charged. However, this Court cannot reach the merits of Garey's claims because they are not claims of "actual innocence"--even if true, Garey does not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed

3

down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence."). Because the claims in Garey's habeas corpus petition do not present a facially-valid claim that he is actually innocent of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Garey's petition for a writ of habeas corpus is **DENIED.**

(2) Petitioner's motions for the Court to take judicial notice [Record Nos. 3, 5] are **DENIED AS MOOT**.

(3) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 16th day of October, 2006.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

4